UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 6:13-CR-00032-GFVT-HAI |
| | ) | |
| V. | ) | |
| | ) | |
| JEFFREY LEE LAWSON, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 336.] Defendant Jeffrey Lee Lawson has been charged with four violations of his terms of supervised release. *Id.*

In October 2014, this Court sentenced Mr. Lawson to forty months of incarceration followed by a three-year term of supervised release. [R. 221.] In October 2015, Mr. Lawson's term of imprisonment was reduced to thirty-two months. [R. 227.] Mr. Lawson was released and began his term of supervision on April 26, 2016. On March 19, 2019, the United States Probation Office ("USPO") issued a Supervised Release Violation Report ("the Report") charging Mr. Lawson with four violations.

The Report charged Mr. Lawson with (1) use of a controlled substance other than as prescribed by a physician; (2) possession of a controlled substance; (3) failure to notify the probation office of a change in residence or employment; and (4) violation of the condition that he not commit another federal, state or local crime. More specifically, the Report states that on March 6, 2019 Officer Greiwe contacted Mr. Lawson's employer and place of residence. At

that time, Officer Greiwe learned that Mr. Lawson had been terminated from employment and was not living at his stated address. Mr. Lawson failed to notify probation of either his change in employment status or place of residence. Officer Greiwe conducted a home visit and learned from Mr. Lawson's former girlfriend, Estelle Stanley, that she kicked Mr. Lawson out of her home in September 2018. Ms. Stanley informed Officer Greiwe that prior to a December 2018 home visit, Mr. Lawson had broken into Ms. Stanley's home, where he was supposed to be residing, and staged his clothes in her closet in an effort to cover up his violation. Ms. Stanley also told Officer Greiwe that Mr. Lawson had threatened to kill her, and she had obtained an Emergency Protective Order and warrant. Officer Greiwe contacted the Whitley County Sheriff's office and confirmed there was an active warrant for Mr. Lawson.

After learning of the change in employment and residence, Officer Greiwe directed Mr. Lawson to appear at the probation office on March 8 to discuss possible violations. Mr. Lawson submitted to a urine test which tested positive for oxycodone and buprenorphine. The oxycodone was prescribed, but Mr. Lawson did not have a prescription for buprenorphine. Sometime after his appearance at the probation office, the London Police Department served the active warrant on Mr. Lawson and took him into custody. His case remains pending in Whitley County District Court.

On Marcy 28, 2019, Mr. Lawson appeared before Magistrate Judge Hanly A. Ingram for his initial appearance pursuant to Rule 32.1 [R. 332.] During the hearing, Mr. Lawson made a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. *Id.* At that time, the United States made an oral motion for detention, and Mr. Lawson did not argue for release. *Id.* He was remanded to the custody of the United States Marshal. The Court scheduled a final revocation hearing for April 12, 2019. At his final revocation hearing, Mr. Lawson knowingly,

voluntarily, and intelligently stipulated to the violations alleged in the Report. Subsequently, Judge Ingram prepared a recommended disposition.

Mr. Lawson's admitted conduct qualifies as a Grade C violation with respect to his use of buprenorphine. Relatedly, the Sixth Circuit has held that use is equivalent to possession. Buprenorphine is a Schedule III substance and therefore simple possession of buprenorphine is a Class E felony. This conduct is a Grade B violation. Failure to notify probation of his change in residence and employment constitutes a Grade C violation. Finally, Mr. Lawson violated K.R.S § 508.080 when he "threatened to kill Estella Stanley, her family, and the entire Williamsburg Police Department." This is also a Grade C violation.

With a criminal history category of III and a Grade B[1] violation, the parties agreed that Mr. Lawson's range under the Revocation Table of Chapter 7 eight to fourteen months. The parties presented a joint recommended sentence of eight months of incarceration followed by six months of supervised release. The parties based this recommendation on the fact that Mr. Lawson's term of supervised release was set to expire on April 27, 2019, and prior to the instant case he had not violated in nearly three years. Mr. Lawson had been known at work as a hard worker and had passed several drug tests administered by his employer. The parties characterized Mr. Lawson as a defendant who had done well on supervised release who had simply relapsed in his drug addiction. The parties stated their belief that Mr. Lawson had a high likelihood of rehabilitation, as evidenced by his earlier success on supervised release.

Taking the parties' positions under advisement, Judge Ingram considered the relevant §§ 3553 and 3583 factors in order to determine an appropriate revocation term of imprisonment.

---

[1] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

*Id.* As an initial matter, Judge Ingram noted that revocation was mandatory in this case. Ultimately, Judge Ingram recommended adopting the jointly recommended penalty of eight months of incarceration followed by six months of supervised release. Judge Ingram noted that the nature and circumstances of the underlying conviction were "alarming." Mr. Lawson was caught selling pills and manufacturing counterfeit currency. To avoid liability, Mr. Lawson attempted to bribe law enforcement. However, Mr. Lawson's history and characteristics include evidence that he has performed well on supervised release in the past. He was previously known as a hard worker before this recent drug relapse, and he is regretful that he relapsed. Judge Ingram found that an eight-month period of incarceration balanced the need to protect the public and deter future criminal conduct.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Stinnett's Report and Recommendation were filed within the appropriate time by either party. Instead, Mr. Lawson has filed a waiver of allocution. [R. 340.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Stinnett's recommended disposition.

4

Accordingly, it is hereby **ORDERED** as follows:

1.    The Report and Recommendation [**R. 336**] as to Defendant Jeffrey Lee Lawson is **ADOPTED** as and for the Opinion of the Court;

2.    Mr. Lawson is found **GUILTY** of all four violations;

3.    Mr. Lawson's Supervised Release is **REVOKED;**

4.    Mr. Lawson is hereby **SENTENCED** to a term of incarceration of eight (8) months, to be followed by six (6) months of supervised release under the conditions contained in Defendant's original judgment [R. 221];

5.    The allocution hearing currently set for June 11, 2019 in London, Kentucky, is **CANCELLED**; and

6.    Judgment shall enter promptly.

This the 9th day of May, 2019.

Gregory F. Van Tatenhove
United States District Judge